2026 IL App (1st) 252476-U

No. 1-25-2476

Order filed June 17, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| EMMA NYSSEN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 25 OP 76988 |
| | ) | |
| SHAHRYAR ZARRINMEHR, | ) | Honorable |
| | ) | Peter M. Gonzalez, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the plenary stalking no contact order entered by the trial court where respondent failed to provide a sufficiently complete record on appeal for review.

¶ 2    Respondent Shahryar Zarrinmehr (also known as Zarrinmehr Shah) appeals *pro se* from

the trial court's entry of a plenary stalking no contact order in favor of petitioner Emma Nyssen

and against respondent. On appeal, respondent challenges the trial court's factual findings and

maintains they were based on "uncorroborated testimony without supporting proof." Because respondent did not present a sufficiently complete record on appeal for our review, we affirm.[1]

¶ 3                                    I. BACKGROUND

¶ 4      The following background is derived from the limited record on appeal, which comprises only the common law record.

¶ 5      On July 22, 2025, petitioner filed a petition for a stalking no contact order against respondent. Petitioner alleged that on July 14, 2025, at 7:02 a.m., respondent followed her for about a block while she was walking her dog. He attempted to speak with her, blocked her path until she responded, and then watched her enter her apartment. Later that day, at 6:44 p.m., petitioner allegedly came home to find respondent waiting for her in her apartment building's lobby. Respondent followed her past the security desk and up the stairs to the other side of the building, while asking petitioner "unprovoked questions." The next day, respondent allegedly called petitioner's apartment building multiple times asking to speak with her. Petitioner requested an order prohibiting respondent from (1) threatening to commit or committing stalking and (2) knowingly coming or remaining within 300 feet of her place of employment. Petitioner also requested an injunctive order of no contact by any means.

¶ 6      That same date, the trial court entered an emergency stalking no contact order effective through August 12, 2025. Subsequently, the order was extended multiple times into November 2025.

¶ 7      On November 5, 2025, the court entered a plenary stalking no contact order prohibiting respondent from (1) threatening to commit or committing stalking; (2) having any contact with

_____

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

petitioner; (3) knowingly coming or remaining within 100 feet of petitioner's residence or place of employment; and (4) possessing a Firearm Owner's Identification card or possessing or buying firearms. Additionally, respondent was not to make contact by any means with petitioner, including via third parties and social media. The order indicated that the court's findings were made orally for transcription, and that respondent was served with the order in court.

¶ 8                                     II. ANALYSIS

¶ 9      On appeal, respondent contends that the trial court (1) relied on a factual finding that respondent admitted calling petitioner, which "the transcript contradicts"; (2) improperly relied on "double hearsay without corroborating evidence"; and (3) expressed uncertainty regarding a current need for protection. He also contends that the record does not demonstrate a "repeated pattern of conduct satisfying statutory requirements" and "reflects limitations on [respondent's] ability to fully respond to hearsay allegations during the hearing." Finally, he claims that the trial court's findings were "based solely on uncorroborated testimony without supporting proof."

¶ 10     As an initial matter, respondent's brief fails to comply with the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). For example, in violation of Rule 341(h)(6), respondent sets forth no statement of facts containing the facts "necessary to an understanding of the case" stated "accurately and fairly without argument or comment." See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Rather, his "statement of facts" includes a brief paragraph arguing in support of the claims raised on appeal. Respondent's brief also contains no citation to authorities supporting his arguments. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). While he repeatedly cites a report of proceedings, no report of proceedings is included in the record on appeal. Supreme court rules are "not mere suggestions." *SMS Financial CH, LLC v. Feurer*, 2025 IL App (1st) 250033, ¶ 40. A *pro se* litigant must comply with the same procedural rules required of attorneys,

and we will not apply a more lenient standard to respondent because of his *pro se* status. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. When a party fails to comply with Rule 341, this court may strike the brief or parts thereof or may disregard the noncompliant material. *Pasic v. Department of Financial & Professional Regulation*, 2022 IL App (1st) 220076, ¶ 15.

¶ 11    That said, the lack of a report of proceedings hinders any meaningful review of the merits of respondent's appeal. Respondent, as the appellant, carried the burden to provide this court with a sufficiently complete record to support his claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Where no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. Any doubts arising from the incompleteness of the record will be resolved against respondent. *Id.*

¶ 12    Here, respondent challenges the trial court's entry of a plenary stalking no contact order, including the factual findings that the court made.

¶ 13    Respondent, as noted, has not provided a report of proceedings from the November 5, 2025, hearing in which the trial court stated its findings. Nor does the record contain an acceptable substitute such as a bystander's report or agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without this information, we cannot determine what evidence, exhibits, and testimony were admitted or excluded at the November 2025 hearing. We also have no knowledge of the arguments presented to the trial court or the trial court's reasoning in entering its order. Therefore, we cannot determine whether the trial court's judgment was against the manifest weight of the evidence. See *Piester v. Escobar*, 2015 IL App (3d) 140457, ¶ 12 (we will only reverse the trial court's entry of a stalking no contact order where the trial court's finding was against the manifest weight of the evidence). Due to the insufficiencies of the record, we have no basis for

disturbing the trial court's judgment and must presume that the trial court's order conformed with law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392.

¶ 14                                III. CONCLUSION

¶ 15     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 16     Affirmed.